1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TORIANO GERMAINE HUDSON, Sr.,            No. 2:20-cv-0483-JDP P

12                 Plaintiff,

13         v.                                  ORDER

14    ROBERT NEUSCHMID,

15                 Defendant.

16

17         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  In addition to filing a complaint (ECF No. 15), he has also filed an application to

19    proceed in forma pauperis (ECF No. 23).

20                        Application to Proceed In Forma Pauperis

21         The court has reviewed plaintiff's application (and separately filed account balance report

22    at ECF No. 22) and finds that it makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

23    Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24    and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25    §§ 1915(b)(1) and (2).

26    /////

27    /////

28    /////

                                          1

Screening

I.     Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content

2

1   that allows the court to draw the reasonable inference that the defendant is liable for the

2   misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In reviewing a complaint

3   under this standard, the court must accept as true the allegations of the complaint in question,

4   *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

5   in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v.*

6   *McKeithen*, 395 U.S. 411, 421 (1969).

7          II.     Analysis

8         Plaintiff alleges that he was injured when he fell and twisted his ankle on uneven

9   pavement at California State Prison, Solano.  He claims that the warden "failed to inspect, detect,

10  correct, remove, and/or repair the hazardous condition that . . . existed for such a length of time

11  that, in the exercise of ordinary care, the business establishment should [have] known of the

12  condition."  ECF No. 15 at 3.  He names the warden as defendant and seeks both damages and

13  injunctive relief by way of an Eighth Amendment claim.  *Id.* at 3, 6.

14        Plaintiff's allegations cannot survive screening.  A prison official violates the Eighth

15  Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner

16  of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind."

17  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To succeed on such an Eighth Amendment claim,

18  a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the

19  minimal civilized measure of life's necessities, and (2) that the defendant acted with deliberate

20  indifference to the prisoner's health or safety.  *Id.* at 834.  To show deliberate indifference, the

21  prisoner must establish that the defendant knew of and disregarded an excessive risk to inmate

22  health or safety—"the official must both be aware of facts from which the inference could be

23  drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at

24  837.  A prison official may thus be free from liability if he or she did not know of the risk or took

25  reasonable action in response to the risk.  *Id.* at 844.

26        Even liberally construed, the complaint does not state a claim for an Eighth Amendment

27  violation, since there are no facts supporting a finding of deliberate indifference.  Moreover, a

28  simple claim of negligence is not actionable under the Eighth Amendment.  *Jackson v. Arizona*,

1    885 F.2d 639, 641 (9th Cir. 1989); *see also Thompson v. McMahon*, No, EDCV 12-1020-FMO

2    (JEM), 2013 U.S. Dist. LEXIS 132266 (C.D. Cal. Sept. 16, 2013) (explaining that negligence

3    claim arising from prisoner's fall at work did not give rise to a federal cause of action; listing

4    similar cases); *Brown v. Brasher*, No. CIV S-10-0479-MCE-EFB, 2012 U.S. Dist. LEXIS 24379

5    (E.D. Cal. Feb. 27, 2012) (holding that a mobility-impaired inmate's claim regarding slipping and

6    falling in a puddle caused by a water leak could only support a tort claim of negligence).  Here,

7    plaintiff's allegations that the warden should have known about an uneven section of pavement

8    implies negligence at worst.  There are no facts demonstrating that the warden knew of an

9    objectively serious risk to plaintiff—i.e., that plaintiff would be traversing the area of uneven

10   pavement and that it doing so was dangerous—and disregarded that risk.  Accordingly, plaintiff's

11   complaint will be dismissed with leave to amend.

Leave to Amend

13        Plaintiff may choose to amend his complaint.  Any amended complaint must identify as a

14   defendant only persons who personally participated in a substantial way in depriving him of his

15   constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (explaining that a

16   person subjects another to the deprivation of a constitutional right if he does an act, participates in

17   another's act, or fails to perform an act that he is legally required to carry out, and the act or

18   failure to act causes a deprivation).  Plaintiff may also include any allegations based on state law

19   that are closely enough related to his federal allegations that "they form the same case or

20   controversy."  *See* 28 U.S.C. § 1367(a).  The amended complaint must contain a caption

21   including the names of all defendants.  Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature

22   of this suit by alleging new, unrelated claims, *see George v. Smith*, 507 F.3d 605, 607 (7th Cir.

23   2007), and plaintiff may not bring unrelated claims against multiple defendants.  *Id.*

24        Any amended complaint must be written or typed so that it complete in and of itself

25   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

26   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

27   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

28   F.3d 1467, 1474 (9th Cir. 1997) ( "[The] 'amended complaint supersedes the original, the latter

4

1   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

2   1967)).

3     Finally, any amended complaint should be as concise as possible while meeting the above

4   requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should not include procedural or factual background

5   that has no bearing on his legal claims.  He should also make his amended complaint is as legible

6   as possible, considering not only to penmanship, but also spacing and organization.  Plaintiff

7   should consider whether each of the defendants he names actually had involvement in the

8   constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of

9   defendants will not be looked upon favorably by the court.

10     Accordingly, it is hereby ORDERED that:

11     1.  Plaintiff's application to proceed in forma pauperis (ECF No. 23) is GRANTED.

12     2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

13   accordance with the notice to the agency having custody of plaintiff filed concurrently herewith.

14     3.  Plaintiff's complaint (ECF No. 15) is dismissed with leave to amend within 30 days

15   from the date of service of this order.

16     4.  Failure to file an amended complaint that complies with this order may result in the

17   dismissal of this action for the reasons stated herein.

18   DATED:  October 6, 2020

19   _____

20   UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28